**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **HARFORD COUNTY BRANCH of the NAACP, et al.,** | \* |
| | \* |
| *Plaintiffs,* | |
| | \*   **Civil Case No.: 1:26-cv-00239-JMC** |
| **v.** | |
| | \* |
| **SHERIFF JEFFERY GAHLER, et al.** | |
| | \* |
| *Defendants.* | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiffs, Harford County Branch of the NAACP and Charles Morris, initiated the present lawsuit on January 20, 2026, against Harford County, Maryland ("Harford County"), the State of Maryland, Sheriff Jeffrey Gahler, and Warden Daniel Galbraith alleging violations of 42 U.S.C. § 1983, the Maryland Declaration of Rights, the Fourteenth Amendment (Count I); the Americans with Disabilities Act, 42 U.S.C. §12131 (the "ADA") (Count II); Section 504 of the Rehabilitation Act (Count III). (ECF No. 1). Before the Court is Defendant Jeffrey Gahler and Defendant Galbraith's Motion for Leave to File Excess Pages. No further response (ECF Nos. 61, 64) or hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, the Motion shall be GRANTED such that Defendant Gahler and Defendant Galbraith may file a Reply brief not to exceed twenty (20) pages.

## I.     BACKGROUND

The instant motion concerns the briefing of Defendants Gahler and Galbraith's pending motion to dismiss, which is one of the three pending motions to dismiss before the Court. (ECF No. 43). Harford County filed the first pending motion to dismiss on February 26, 2026. (ECF

1

No. 36).  Later, Defendants State of Maryland, Gahler, and Galbraith[1] filed motions to dismiss of their own on March 19, 2026. (ECF No. 42, 43).  The parties filed a series of extension requests, each of which the Court granted.  Plaintiffs filed their opposition brief to Defendants Gahler and Galbraith on April 24, 2026.  (ECF No. 54).  Under the most recent briefing schedule (ECF No. 56), Defendants Gahler and Galbraith's reply brief was due May 29, 2026.

On May 26, 2026, Defendants Gahler and Galbraith filed the instant Motion for Leave to File Excess Pages.  (ECF No. 61).  The Court issued an Order directing Plaintiffs to file any opposition no later than May 26, 2026 (ECF No. 62), which they did (ECF No. 64).

II.    ANALYSIS

Pursuant to Local Rule 105.3, a reply brief is limited to fifteen (15) pages in length.  *See* Loc. R. 105.3.  Defendants seek leave to file a reply brief that is twenty-five (25) pages.  (ECF No. 61 at 2).[2] Plaintiffs oppose the motion on the basis that Defendants have "failed to show any basis to deviate from Local Rule 105.3, and such deviation would unfairly prejudice Plaintiffs."  (ECF No. 64 at 1).  It is well-taken that the Local Rules favor concise reply briefs, and this Court is reluctant to grant motions to file excess pages.  *See, e.g.*, *Visual Mining Inc. v. Ziegler*, No. PWG–12–3227, 2014 WL 690905, at *6 (D. Md. Feb. 21, 2024) (denying a motion for leave to file excess pages when an improper brief was filed simultaneously with a motion for leave and the parties failed to demonstrate good cause). The Court is more likely to grant a motion for leave to exceed the page limit when doing so remedies wrongdoing, which is not present here.  *E.g.*, *F.T.C. v.*

---

[1] Defendants Gahler and Galbraith filed their motion to dismiss together, raising arguments applicable to them as the individual defendants in this matter.  (ECF No. 43).

[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

*LOMA Int'l Bus. Grp. Inc.*, Civil Action No. MJG–11–1483, 2012 WL 1406011, at * 1 (D. Md. Apr. 20, 2012).

Plaintiffs first argue that Defendants should have anticipated a supervisory liability theory based on the Complaint, and therefore Plaintiffs' opposition does not present novel arguments that constitute good cause. After review of the Complaint, which states one claim against Defendants Gahler and Galbraith, the Court disagrees. The claim is titled,

### COUNT I

Fourteenth Amendment to the U.S. Constitution, 42 U.S.C § 1983, and Articles 19 and 24 of the Maryland Declaration of Rights Deliberate Indifference to Unconstitutional Conditions of Confinement Exacerbating Risk of Suicide and Serious Medical Needs

(All Plaintiffs Against All Defendants)

(ECF No. 1 at 34). At no point does Count I specify differing theories of liability as to each defendant.[3] Review of the Motion to Dismiss (ECF No. 43) does not suggest to the Court that Defendants Gahler and Galbraith have omitted arguments they should have raised in view of the allegations arising under Count I. Where it may well be preferable that parties could anticipate all arguments or theories that may arise in the course of briefing, the Court understands how Defendants may honestly have believed Plaintiffs did not intend to pursue a supervisory theory of liability against Defendants Gahler and Galbraith until review of Plaintiffs' opposition brief and that it is nonetheless possible that the theory comports with the demands of Rule 8.

Plaintiffs next argue that the complexity of the issues in the case should not justify filing ten extra pages. (ECF No. 64 at 3). They characterize Defendants' assertion that the case raises complex issues as a "belated realization" that is "at best, buyer's remorse." *Id.* The Court

---

[3] None of the Court's analysis shall be construed as the Court's opinion on the pending Motions to Dismiss or the strength of any party's arguments made concerning the same.

recognizes, however, that the nature of being defendants in this matter precludes Gahler and Galbraith from controlling the claims asserted and, to some extent, from controlling the complexity of the legal issues involved in defending the claims brought against them. Similarly, the Court would not expect a motion for leave to file excess pages to arise before Plaintiffs filed their opposition brief, at which point Defendants were able to review the very arguments to which they must respond for the first time.

Under these circumstances, the Cout does not find that the instant motion is a result of the "fail[ure] to carefully read and fairly construe Plaintiffs' claims" against Defendants.  Plaintiffs argue that "[a]llowing Defendants to utilize more space on rebuttal than on opening to address arguments that they simply failed to anticipate upends that balance and endorses sandbagging Plaintiffs."  (ECF No. 64 at 3).  However, while Plaintiffs make numerous statements concerning some purported prejudice to them, they do not articulate what that prejudice would be.  Rather, they argue Defendants should have incorporated the arguments Plaintiffs think they should have anticipated in their original motion.  Recognizing that "[c]umbersome filings ... are a considerable drain on judicial resources," in consideration of the arguments presented and the Court's interest in resolving the pending motions, the Court finds GOOD CAUSE to permit an extra five (5) pages. *Sampson v. City of Cambridge, Md.*, No. WDQ–06–1819, 2008 WL 7514365, at *3 (D. Md. June 5, 2008); *see also Hamilton v. Prince George's Cnty, Md.*, Civil Action No. DKC 17-2300, 2019 WL 4735429, at *14 (D. Md. Sept. 27, 2019).  Therefore, Defendants' Motion for Leave to File Excess Pages is GRANTED such that they may file a twenty (20) page reply brief due Friday, June 5, 2026.

### III.    CONCLUSION

For the foregoing reasons, it is this 1st day of June 2026 ORDERED that Defendant Gahler and Galbraith's Motion for Leave to File Excess Pages (ECF No. 64) is GRANTED such that the Court will allow a twenty (20) page reply brief.  Defendants shall file their reply brief on or before Friday, June 5, 2026.

Date: June 1, 2026                                  _____/s/_____

                                                   J. Mark Coulson
                                                   United States Magistrate Judge